UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JOAQUIN IRWIN FOY, | Case No. 16-CV-0097 (JNE/LIB) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| LINDA SANDERS, Warden; and UNITED STATES GOVERNMENT MENTAL HEALTH UNITS, | |
| Defendants. | |

---

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636; and upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. [Docket No. 2].

Plaintiff Joaquin Irwin Foy "was committed to the custody of the Attorney General, pursuant to 18 U.S.C. § 4246, by the United States District Court for the Western District of Missouri in 1999, and again on September 13, 2007." *Foy v. Anderson,* Case No. 09-3085-CV-S-RED-H, 2009 WL 4057145, at *1 (W.D. Mo. Nov. 23, 2009).[1] He is currently detained at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"). Foy has been a frequent litigant in the federal courts since being civilly committed, with most of his lawsuits concerning either the validity of that

---

[1]Section 4246 allows for the civil commitment of a person in the custody of the Federal Bureau of Prisons whose custody is otherwise soon scheduled to expire, but who suffers "from a mental disease or defect as a result of which his release [from custody] would create a substantial risk of bodily injury to another person or serious damage to property of another . . . ." 18 U.S.C. § 4246(a).

ongoing commitment or the conditions of his confinement.[2] Sometimes, his claims have been largely incomprehensible; for instance, a habeas petition recently filed in this District included "Pope Francis," "Same Sex Marriages," and "Freemasonic Illuminati" as respondents. *See, Foy v. Jett*, No. 14-CV-1518 (D. Minn. filed May 12, 2014). Foy's complaints are also often lengthy, unwieldy documents, written in a serial compilation style; handwritten pages about one claim are often followed by typewritten pages discussing a different claim, magazine articles, exhibits from other legal proceedings, and other unrelated documents are also routinely inserted at seemingly random points in a pleading. Foy's most recent Complaint is emblematic of these past practices.

The current Complaint spans 60 pages — some handwritten, some typed (with words even extending concentrically around and along the margins), still other pages are copied from books and articles inveighing against the New World Order and treason — Foy's present Complaint goes far beyond the "short and plain statement of the claim showing that the pleader is entitled to relief" directed by Rule 8(a)(2) of the Federal Rules of Civil Procedure. This alone would be a sufficient basis to recommend dismissal of the complaint without prejudice. *See Gurman v. Metro Housing & Redevel. Auth.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011) ("The words 'short and plain' are themselves short and plain, and they mean what they say: A complaint must be concise, and it must be clear. Rule 8 was not promulgated to provide helpful advice; it has the force of law, and it must

---

[2]Foy has initiated at least 16 unsuccessful civil lawsuits — not including petitions for a writ of habeas corpus, of which there have been over another two dozen — in the United States District Court for the Western District of Missouri, the United States District Court for the Eastern District of North Carolina, and the United States District Court for the District of Columbia since being civilly committed. Even prior to that commitment, the United States District Court for the Eastern District of Pennsylvania was compelled to enjoin Foy from filing pro se civil-rights lawsuits without the prior approval of the judge of that court. *See In re Foy*, No. 89-0026, 1989 WL 18836 (E.D. Penn. Mar. 1, 1989).

be followed"). However, this Court has done its best to parse through the Complaint in an attempt to determine whether any viable claim might have been pleaded this time by Foy. After careful review, this Court concludes that Foy has once again failed to state a claim on which relief may be granted. Accordingly, it is recommended that this matter be dismissed without prejudice.[3]

### A. Standard of Review

Foy has applied to proceed *in forma pauperis* ("IFP") in these proceedings. *See* Docket No. 2. He undoubtedly qualifies financially for IFP status. But even where a litigant seeking IFP status qualifies financially, an IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). While pro se complaints are to

---

[3]Foy also appears to seek a temporary restraining order and preliminary injunction on various grounds. Because Foy's substantive claims for relief are recommended for dismissal as failing to state a claim, it is also consequently recommended that Foy's requests for injunctive relief likewise be denied.

be construed liberally, they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

### B. Claims for Relief

#### 1. Deliberate Indifference

Foy first alleges that officials at FMC-Rochester have been deliberately indifferent to his medical needs and thereby deprived him of his constitutional rights. Specifically, Foy alleges that he is afflicted with attention deficit hyperactivity disorder, but that rather than treating him for this conditions, doctors and nurses at FMC-Rochester have instead prescribed medication for bipolar disorder. "Whether an official was deliberately indifferent requires both an objective and a subjective analysis." *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014). Under the objective prong, a plaintiff must show that he suffered an "objectively serious medical need," meaning that the medical need "must have been 'diagnosed by a physician as requiring treatment' or must be 'so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" *Id*. (quoting *Scott v. Benson*, 742 F.3d 335, 339-40 (8th Cir. 2014)). Under the subjective prong, the plaintiff must show that the defendant "'actually knew of but deliberately disregarded his serious medical need.'" *Id*. This showing requires a mental state "'akin to criminal recklessness.'" *Id*. "An inmate must demonstrate that a prison doctor's actions were 'so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care.'" *Id*. at 1066 (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1240-41 (8th Cir. 1997)).

Foy has not adequately alleged the subjective component of his deliberate-indifference claim. By his own admission, medical officials at FMC-Rochester have not wholly ignored his medical needs. Instead, those officials have simply provided a different diagnosis and plan of treatment than

what Foy has been self-prescribed for himself. "'[M]ere disagreement with treatment decisions does not rise to the level of a constitutional violation.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)). Without plausible allegations that medical officials are deliberately ignoring or disregarding Foy's medical needs — as opposed to having (perhaps) negligently misdiagnosed those needs — Foy cannot proceed on his deliberate-indifference claim.[4]

### 2.  Forced Medication

In the course of describing his deliberate-indifference claim, Foy also suggests that a "problem exists with 'illegal force medication of punitive psychiatry and experimentation on this prisoner[.]'" [Compl., Docket No. 1 at 4] (sic throughout). This claim is at odds with Foy's deliberate-indifference claim; on the one hand, he alleges that medical officials are not doing enough to treat his medical needs, but on the other hand, he alleges that those officials are proceeding with medical treatment against his will. In any event, Foy's brief reference to this claim is merely conclusory, and therefore, it is not entitled to the assumption of truth usually bestowed upon factual allegations in a complaint. *See Iqbal*, 556 U.S. at 679. Foy does not allege anything specific about the circumstances of the forced medication or even who in particular was responsible for that putatively illegal course of conduct. *See, e.g.*, *Beaulieu v. Ludeman*, 690 F.3d 1017, 1030 (8th Cir. 2012) (noting that a plaintiff looking to proceed on claims of constitutional deprivations must

---

[4]Foy does not allege that diversity of citizenship exists between the parties, and so this Court lacks original jurisdiction to consider any claims based entirely on state law — such as claims of medical malpractice or negligence — that are raised or implied by Foy's complaint. *See also Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008) (noting that courts should not exercise supplemental jurisdiction over state-law claims where, as recommended here, all federal claims are dismissed prior to trial).

proceed against the specific individual alleged to have violated his or her constitutional rights). Foy cannot proceed on only the skeletal allegations raised for this claim.

### 3. Access to the Courts and Legal Materials

Foy next alleges that his right of access to the courts, communication with his attorney, and access to legal materials has been interfered with in several respects. First, he alleges that an Order of the Eastern District of Pennsylvania restricting him from filing new cases while acting pro se without prior approval is an unconstitutional restriction on his right of access to the courts. *See In re Foy*, No. 89-0026, 1989 WL 18836 (E.D. Penn. Mar. 1, 1989). But that Order does nothing to limit Foy's ability to raise meritorious claims for relief. Instead, the Order only restricts Foy's ability to initiate frivolous or malicious lawsuits. There is no constitutional right to engage in frivolous litigation. *See, Sterling v. Wood*, 68 F.3d 1124, 1126 (8th Cir. 1995).

Foy also alleges that someone — although he does not say who — has prevented him from having direct telephone access to his attorney, and they have opened his legal mail outside of his presence. Again, as previously noted, a claim that the litigant's constitutional rights have been violated must be brought against the specific person(s) who deprived the litigant of those rights. *See, e.g.*, *Beaulieu*, 690 F.3d at 1030. Foy cannot sue "the system" generally for the alleged unconstitutional actions of one unnamed individual (or even a small number of individuals). Further, Foy does not plausibly allege that there is a custom or policy of interfering with detainee's access to attorneys and legal mail such that would allow him to bring either a supervisory or official-capacity claims under Monell v. Department of Social Services, 436 U.S. 658 (1978). Without further specific factual allegations, these claims too must be dismissed without prejudice.

4. Retaliation

Foy next suggests that "doing legal work in prison can be dangerous," as detainees who seek to exercise their right of access to the courts are often retaliated against by federal officials. [Compl., Docket No. 1 at 8]. "In particular, prison officials may seek to punish those who have gained legal skills and try to help their fellow prisoners-detainees-inmates-patients- with legal matters." *Id*. "[C]onduct that retaliates against the exercise of a constitutionally protected right, such as access to the courts, is actionable even if the alleged retaliatory conduct does not itself rise to the level of a constitutional violation." *Van Wyhe v. Reisch*, 581 F.3d 639, 658 (8th Cir. 2009) (citing *Cody v. Weber*, 256 F.3d 764, 771 (8th Cir. 2001)). However, Foy never specifically alleges that any officials at FMC-Rochester or anyone else have <u>in fact</u> retaliated against *him* because he has sought to exercise these rights. Moreover, Foy lacks standing to bring claims on behalf of other generic individuals; he must allege facts showing that *he* has, at some point, been retaliated against for his seeking access to the courts. Because Foy raises no such factual allegations,[5] this claim too should be dismissed.

---

[5]The closest Foy comes to making specific allegations of retaliation is when he points out that he is no longer allowed to initiate new lawsuits in the Eastern District of Pennsylvania without prior approval of the courts. *See* Compl., Docket No. 1 at 15. As explained above, though, this protective measure does not restrict Foy's right to access to the courts. Foy, just the same as any other litigant, may prosecute plausible claims for relief in the appropriate venue (including the Eastern District of Pennsylvania) while acting pro se. Foy has not plausibly alleged that the order of the Eastern District of Pennsylvania placing him on restricted-filer status was entered in retaliation for his exercising his right of access to the courts. Instead, by all indications, the order was entered because Foy had repeatedly brought frivolous litigation something he had no constitutional entitlement to do. *See Sterling*, 68 F.3d at 1126.

5. Fact-of-Confinement Claims

Finally, much of Foy's Complaint appears to once again be challenging the very validity of his continuing commitment because he claims the commitment was never legal in the first place (i.e., he alleges that the judges who ordered his commitment had not taken the appropriate oaths, that the initial commitment proceedings violated his due-process rights, that he is a political prisoner of conscience, etc.). These claims are barred by the principles discussed in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 486-87 (footnote and citation omitted). In other words, a detainee cannot maintain a civil action that, if successful, would necessarily cast doubt on the validity of his facially valid confinement.

This Court recognizes that Foy is civilly committed and not being held pursuant to a criminal judgment. Still, "the principles set forth in *Heck* are fully applicable to . . . detainees who are confined by reason of a civil commitment, rather than a prison sentence." *McHorse v. Minnesota*, No. 13-CV-0837, 2013 WL 2383603, at *2 (D. Minn. May 30, 2013) (citing, inter alia, *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005); *Banda v. New Jersey Special Treatment Unit Annex*, 164 Fed. App'x 286, 287 (3d Cir. 2006) (per curiam); *Coffman v. Blake*, 156 Fed. Appx.

863 (8th Cir. 2005) (per curiam)). Unless and until Foy first successfully challenges the legality of his initial civil commitment, he cannot seek money damages or other relief resulting solely from the fact of that commitment. Instead, such relief must come via habeas corpus proceedings or, more likely, in proceedings under 18 U.S.C. § 4247(h) in the Western District of Missouri.[6]  *See Archuleta v. Hedrick*, 365 F.3d 644, 648 (8th Cir. 2004).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE.

2. Plaintiff Joaquin Irwin Foy's application to proceed *in forma pauperis* [Docket No. 2] be DENIED.

Dated: February 19, 2016         s/Leo I. Brisbois
                                 Leo I. Brisbois
                                 United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the

---

[6] This Court does note that Judge Krause of the Third Circuit Court of Appeals, in dissent, recently expressed skepticism about the validity of Foy's ongoing civil commitment. *See United States v. Foy*, 803 F.3d 128, 137-44 (3d. Cir. 2015) (Krause, J., concurring in part and dissenting in part). Nevertheless, Foy's civil commitment has not yet been invalidated. *Id*. *Heck v. Humphrey*, therefore currently continues to preclude any civil claims that would necessarily imply the invalidity of that commitment.

Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.